IT IS ORDERED

Date Entered on Docket: November 2, 2022



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE:

Haley Rose Rivas,
     Debtor(s).                                                     Case No. 22-10746-t7

### DEFAULT ORDER GRANTING TOYOTA MOTOR CREDIT CORPORATION RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (2019 TOYOTA RAV4, VIN NO. 2T3F1RFV8KW025418)

        This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (2019 Toyota Rav4, VIN No. 2T3F1RFV8KW025418) filed on October 3, 2022, Docket No. 13 (the "Motion") by Toyota Motor Credit Corporation ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

        (a)      On October 3, 2022, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following Collateral:

2019 Toyota Rav4, VIN No. 2T3F1RFV8KW025418, (the "Collateral"),

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on October 27, 2022;

(f) As of October 31, 2022, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on October 31, 2022 Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant (and any successors and assigns) are hereby granted relief from the automatic stay:

(a) To proceed to enforce all of its contact, state law, and/or other rights against the Collateral.

(b) To exercise any other right or remedy available to them under law or equity with respect to the Collateral.

2. To permit the Movant, to the extent permitted by applicable non-bankruptcy law, to repossess the Collateral and otherwise enforce all its rights with regard to the Collateral, including any rights to sell the Collateral by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and doing

whatever else may be necessary to preserve and conserve the Collateral. The automatic stay is further modified to the same extent in favor of all other persons claiming a lien on the Collateral.

3. The Trustee is deemed to have abandoned the Collateral from the estate pursuant to 11 U.S.C. §554, and the Collateral is no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Collateral and need not notify the Trustee of any sale of the Collateral.

4. That the automatic stay will not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Collateral in accordance with applicable non-bankruptcy law.

5. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

6. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

7. For such other relief as the Court deems proper.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /s/ Electronically submitted/ October 31, 2022
Joshua T. Chappell
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

Gerald R. Velarde
Attorney for Debtor
The Law Office of Gerald R. Velarde
PO Box 11055
Albuquerque, NM  87192

Edward Alexander Mazel
Trustee
PO Box 21151
Albuquerque, NM  87154

Haley Rose Rivas
Debtor
2653 W. 2nd Unit B
Durango, CO  81301